IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAVINAUGH L. HUGHES (#M-18138),   )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   Case No. 15 C 1685
                                  )
SALVADOR GODINEZ, et al.,         )
                                  )
            Defendants.           )

**MEMORANDUM ORDER**

On March 17, 2015 this Court entered a memorandum order ("Order") that granted provisionally the In Forma Pauperis Application ("Application") [Dkt. 3] that had been filed by then pro se plaintiff Cavinaugh Hughes ("Hughes"). Because (1) neither Hughes' Complaint nor the Application had disclosed the date of "filing" of the Complaint under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988) and (2) the trust fund printout provided by Hughes in support of the Application had not covered the entire six-month period referred to in 28 U.S.C. § 1915(a)(2),[1] it was not then possible to make the calculation mandated by Section 1915. But the Order was nonetheless able to grant Hughes' motion for the recruitment of counsel [Dkt. 4] and to enlist a member of the trial bar to represent Hughes, including in that designation counsel's responsibility to communicate with Hughes to see whether counsel could be of assistance in complying with the provisions of Section 1915.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Hughes' designated counsel and an associate in his firm have indeed performed that task, and they have filed what they label as Plaintiff's Supplemental Filing To In Forma Pauperis Application. This Court has reviewed both the original and the supplemental records as to the transactions in Hughes' trust fund account and has determined that this is one of the really unusual cases in which the average monthly balance in the trust fund account (see Section 1915(b)(1)(B)) is greater than the average monthly deposits to that account (see Section 1915(b)(1)(A)) for the relevant six-month period. That has necessitated a more complex analysis involving the weighted average of the many periodic balances in the trust fund account for the respective time periods during which those balances existed.

That analysis has resulted in a determination that the earlier-referred-to average monthly balance was $271.20, 20% of which (again see Section 1915(b)(1)) amounts to $54.24. Accordingly Hughes is assessed that initial partial filing fee of $54.24, and the Pontiac Correctional Center ("Pontiac") trust fund officer is ordered to collect that amount plus 20% of any trust fund account deposits since March 2, 2015 from Hughes' trust fund account there and to pay that total amount directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at Pontiac (or at any other correctional facility where Hughes may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the

Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Hughes' name and the 15 C 1685 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Pontiac trust fund officer.

One other matter should be mentioned, this time directed to Hughes' designated counsel Marvin Brustin ("Brustin"), who has already demonstrated his careful attention to his responsibilities and to whom and to his associate David Warnick special thanks are owed. At the conclusion of the Order Brustin was directed to apprise this Court on or before May 19, 2015 whether it was anticipated that an Amended Complaint would be filed on Hughes' behalf. This Court looks forward to that information so that it can establish a meaningful timeframe and procedure for going forward with the action -- and if attorney Brustin were able to arrive at that decision earlier (although there is no intention here to pose any special pressure in that respect), this Court would be most appreciative.

Milton I. Shadur
Senior United States District Judge

Date: April 23, 2015